UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.:  2:20-cv-00035-FMO-MAA                                     Date:  January 8, 2020

Title:   Brewer v. Sherman

Present:  The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Chris Silva | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**   Order to Show Cause Why the Petition Should Not Be Dismissed for Failure to Exhaust

On December 19, 2019, Petitioner Andrew C. Brewer, acting *pro se*, executed a petition for a writ of habeas corpus.  ("Petition," ECF No. 1.)  The Petition alleges two grounds for relief: (1) "Petitioner received unauthorized sentence from plea deal," and (2) "Petitioner received 5 enhancements from an unauthorized plea[] deal."  (*Id.* at 5.)  Setting aside the question of whether the Petition presents cognizable grounds for federal habeas relief, the Petition appears to be wholly unexhausted.

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  See 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts "in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation and quotation marks omitted).  For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his federal claims to the California Supreme Court.  *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California).  A claim has been fairly presented if the petitioner presents "both the operative facts and the federal legal theory on which his claim is based."  *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citation and quotation marks omitted); *accord Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).  The Court may raise exhaustion issues *sua sponte* and may summarily dismiss a petition without prejudice on exhaustion grounds.  *See Stone v. San Francisco*, 968 F.2d 850, 855-56 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

Here, the Petition does not clearly indicate whether Petitioner has presented his claims to the California courts. On one hand, Petitioner states he did not raise his claims in any proceeding before the California courts. (*See* Petition at 5-6.) Petitioner indicates he never appealed his conviction or filed any habeas petition in the California courts. (*See id.* at 2-5 (responding "N/A" to questions requesting information regarding state-court habeas petitions).) On the other hand, Petitioner states that a Los Angeles Superior Court judge denied his application for habeas relief on August 7, 2019. (*See id.* at 11.) Petitioner attaches the Superior Court's minute order denying his habeas petition. (*See id.* at 28-29.)

In any event, nowhere in the Petition does Petitioner aver that he ever presented his claims to the California Supreme Court. (*See generally id.*) Petitioner must fairly present his claims to the state's highest court before he may maintain a suit in this federal district court. *See Gatlin*, 189 F.3d at 888. Because the Petition is wholly unexhausted, the Petition appears to be subject to summary dismissal without prejudice. *See* 28 U.S.C. § 2254(b)(1)(A).

Before the Court recommends dismissal of the action, the Court will afford Petitioner an opportunity to respond. Petitioner is **ORDERED TO SHOW CAUSE** why the Court should not recommend dismissal of the Petition for failure to exhaust claims in state court. Petitioner shall respond to this Order to Show Cause in writing no later than **February 7, 2020**. Petitioner may discharge the Order to Show Cause by filing one of the following three documents:

(1) <u>Notice of Dismissal</u>. Petitioner may file a notice of dismissal of his Petition. The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

(2) <u>Request for *Rhines* Stay</u>. Petitioner may file a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). If Petitioner elects this option, he must make the requisite showing of good cause for his failure to exhaust his unexhausted claims in state court prior to filing his Petition. He also must demonstrate to the Court's satisfaction that his unexhausted claims are not plainly meritless—for example, by citing the Supreme Court authority upon which he is relying in support of that claim. Finally, he must demonstrate to the Court's satisfaction that he has not engaged in abusive litigation tactics or intentional delay. *See Rhines*, 544 U.S. at 277-78.

(3) <u>Response to Order to Show Cause</u>.  If Petitioner contends that he has exhausted his state-court remedies, he may explain this clearly in a written response to this Order to Show Cause.  Petitioner should attach to his response copies of any documents establishing that the claims are exhausted, including a complete copy of his petition in the California Supreme Court and any decision by the California Supreme Court.  (Petitioner also may indicate that, in the event the Court still finds that the claims are unexhausted, he selects one of the options discussed above.)

**Petitioner is expressly cautioned that failure to respond to this Order to Show Cause will result in a recommendation that the Petition be dismissed without prejudice for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and for failure to exhaust claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A).**

It is so ordered.

<u>Attachment</u>
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))

**Time in Court:**  0:00
**Initials of Preparer:**  CSI