UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:20-cv-00035-FMO-MAA | Date: March 3, 2020 |
| Title: Andrew C. Brewer v. Stu Sherman | |

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Erica Valencia | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings (In Chambers):** Second Order to Show Cause Why the Petition Should Not Be Dismissed for Failure to Exhaust

On December 19, 2019, Petitioner Andrew C. Brewer, acting *pro se*, executed a petition for a writ of habeas corpus. ("Petition," ECF No. 1.) The Petition alleges two grounds for relief: (1) "Petitioner received unauthorized sentence from plea deal," and (2) "Petitioner received 5 enhancements from an unauthorized plea[] deal." (*Id.* at 5.) Observing that the Petition appeared to be wholly unexhausted, the Court ordered Petitioner to show cause why the Court should not recommend dismissal for failure to exhaust his claims in state court. ("First OSC," ECF No. 6.) The Court ordered Petitioner to respond to the First OSC in writing by no later than February 7, 2020 by filing one of the following three documents: (1) a notice of dismissal of his Petition; (2) a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005); and (3) a written response to the First OSC explaining that he has exhausted his state-court remedies. (*Id.* at 2-3.)

Petitioner failed to respond timely to the First OSC. Instead, in a letter directed to the Clerk of Court dated February 19, 2020, Petitioner advised that he has a pending habeas proceeding in the California Supreme Court in case number S259919. ("Letter," ECF No. 7.) The Court takes judicial notice of the California Supreme Court's docket in case number S259919. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts"); *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001) (taking judicial notice of "relevant state court documents" because they "have a direct relationship to" federal habeas proceedings), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). As of the date of this Order, the California Supreme Court action remains pending.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-00035-FMO-MAA                              Date:  March 3, 2020

Title:     Andrew C. Brewer v. Stu Sherman

      The Letter does not satisfy the First OSC.  A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts "in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation and quotation marks omitted).  For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his federal claims to the California Supreme Court.  *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California).  A claim has been fairly presented if the petitioner presents "both the operative facts and the federal legal theory on which his claim is based."  *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citation and quotation marks omitted); *accord Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).  The Court may raise exhaustion issues *sua sponte* and may summarily dismiss a petition without prejudice on exhaustion grounds.  *See Stone v. San Francisco*, 968 F.2d 850, 855-56 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

      Here, Petitioner affirmatively represents that he has not presented Ground One or Ground Two of his Petition to the California Supreme Court.  (Petition at 5-6.)  Although Petitioner subsequently informed the Court that he has a pending "state Supreme Court state exhaustion case" (Letter at 1), Petitioner has not provided any information regarding what claims he presented to the California Supreme Court in that case, so the Court cannot conclude on this record that Ground One and Ground Two have been fairly presented to that court.  *See Davis*, 511 F.3d at 1009.

      Even if the Court assumed that Petitioner did in fact present Ground One and Ground Two to the California Supreme Court, the state court has yet to adjudicate Petitioner's claims.  This federal court may not grant the relief Petitioner seeks until the California Supreme Court rules or declines to rule on the petition before it.  *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . ."); *Harris v. Superior Court*, 500 F.2d 1124, 1128-29 (9th Cir. 1974) ("[W]hen the California Supreme Court denies a habeas corpus petition without opinion or citation, or when it otherwise decides on the merits of the petition, the exhaustion requirement is satisfied.").  Principles of comity provide that this Court should not adjudicate Petitioner's claims until the California court is given the first and full opportunity to review and decide claims of federal constitutional error.  *See Rose v. Lundy*,

455 U.S. 509, 518-20 (1982).  Accordingly, until the California Supreme Court resolves the petition before it, Petitioner's claims remain unexhausted, rendering the Petition subject to summary dismissal without prejudice.  *See* 28 U.S.C. § 2254(b)(1)(A).

      Before the Court recommends dismissal of the action, the Court will afford Petitioner one final opportunity to respond.  Petitioner is **ORDERED TO SHOW CAUSE** why the Court should not recommend dismissal of the Petition for failure to exhaust claims in state court.  Petitioner shall respond to this Order to Show Cause in writing no later than **April 2, 2020**.  Petitioner may discharge the Order to Show Cause by filing one of the following three documents:

    (1) <u>Notice of Dismissal</u>.  Petitioner may file a notice of dismissal of his Petition.  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

    (2) <u>Request for *Rhines* Stay</u>.  Petitioner may file a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  If Petitioner elects this option, he must make the requisite showing of good cause for his failure to exhaust his unexhausted claims in state court prior to filing his Petition.  He also must demonstrate to the Court's satisfaction that his unexhausted claims are not plainly meritless—for example, by citing the Supreme Court authority upon which he is relying in support of that claim.  Finally, he must demonstrate to the Court's satisfaction that he has not engaged in abusive litigation tactics or intentional delay.  *See Rhines*, 544 U.S. at 277-78.

    (3) <u>Response to Order to Show Cause</u>.  If Petitioner contends that he has exhausted his state-court remedies, he may explain this clearly in a written response to this Order to Show Cause.  Petitioner should attach to his response copies of any documents establishing that the claims are exhausted, including a complete copy of his petition in the California Supreme Court and any decision by the California Supreme Court. (Petitioner also may indicate that, in the event the Court still finds that the claims are unexhausted, he selects one of the options discussed above.)

**Petitioner is expressly cautioned that failure to respond to this Order to Show Cause will result in a recommendation that the Petition be dismissed without prejudice for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and for failure to exhaust claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A).**

It is so ordered.

Attachment
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))